**FILED**

OCT 1 8 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

Plaintiff,

v.

BAO LU, et. al.

Defendants.

NO. CR. S-99-0433 WBS

MEMORANDUM AND ORDER RE
DEFENDANT BAO LU'S MOTION TO
DISMISS BASED ON POST
INDICTMENT DELAY

----oo0oo----

Defendant Bao Lu moves to dismiss the indictment as against him for violation of his rights under the Speedy Trial Act and the Sixth Amendment.

I.  Procedural Background

Lu originally filed this motion to dismiss his indictment on July 22, 2002.  In that motion, Lu argued that his indictment should be dismissed as a result of: 1) the violation of his Sixth Amendment right to a speedy trial; and 2) the violation of his right to due process.  The court has orally on the record denied defendant's motion based on pre-indictment delay.  This memorandum addresses only his claim of delay after

1

343

1 indictment.

2      In his supplemental brief on September 17, 2002, Lu
3 "recogniz[ed] the validity of the government's argument that time
4 should be excluded from the date new counsel was appointed in
5 November 2001, up to and including July 1, 2002, in order to
6 provide new counsel reasonable time to prepare." (Def.'s Supp.
7 Mot. at 4:8-13.)  Lu currently contends that the speedy trial
8 clock started on July 1, 2002, and that his trial should have
9 commenced seventy days from that date, i.e. September 9, 2002.
10 II.   Discussion

11      A.   Speedy Trial Act

12      The Speedy Trial Act requires that a criminal defendant
13 be tried within seventy days of his indictment.  18 U.S.C. §
14 3161(c)(1).  "If a defendant is not brought to trial within the
15 time limit required by section 3161(c) as extended by section
16 3161(h), the information or indictment shall be dismissed on
17 motion of the defendant."  18 U.S.C. § 3162(a)(2).  Section
18 3161(h) contains several listed exclusions that toll the running
19 of the seventy days.

20      Section 3161(h)(8)(A), excludes "any period of delay
21 resulting from a continuance granted by any judge on his own
22 motion or at the request of the defendant or his counsel or at
23 the request of the attorney for the Government, if the judge
24 granted such continuance on the basis of his findings that the
25 ends of justice served by taking such action outweigh the best
26 interest of the public and the defendant in a speedy trial."  One
27 of the factors for the court to consider in determining whether
28 to grant a continuance is "[w]hether the case is so unusual or so

1 complex, due to the number of defendants, the nature of the
2 prosecution, or the existence of novel questions of fact or law,
3 that it is unreasonable to expect adequate preparation for
4 pretrial proceedings or for the trial itself within the time
5 limits established by this section."  18 U.S.C. §
6 3161(h)(8)(B)(ii).

7       Section 3161(h)(7) excludes "a reasonable period of
8 delay when the defendant is joined for trial with a co-defendant
9 as to whom the time for trial has not run and no motion for
10 severance has been granted."  Under this provision, "an exclusion
11 [from the speedy trial clock] for one defendant applies to all
12 co-defendants."  United States v. Butz, 982 F.2d 1378, 1381 (9th
13 Cir. 1993).

14       On October 9, 2002, at the request of all six of Lu's
15 co-defendants, this court continued the trial date in this case
16 to February 20, 2003.  In doing so, the court made findings
17 concerning the complexity and severity of the charges, the number
18 of defendants, and the apparent need of the parties for
19 additional time to prepare for trial.  Accordingly, the court
20 concluded that the need for continuance is compelling and
21 outweighs the interests of the public and the defendant in a
22 speedy trial.

23       Because of the court's finding, made at the request of
24 all of Lu's co-defendants, the time between October 9, 2002 and
25 February 20, 2003 became excluded from the calculations under the
26 Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(A).  Pursuant to 18
27 U.S.C. § 3161(h)(7), this delay may also be excludable as to Lu.
28 Excludability under this section depends on whether the period of

3

1  delay is "reasonable."  Henderson v. United States, 476 U.S. 321,
2  326 (1986).  Hence, the pertinent question before the court is
3  whether applying co-defendants' excludable time to Lu made the
4  resulting delay reasonable.

5        To determine the reasonableness of a delay under 18
6  U.S.C. § 3161(h)(7), the court must "gauge the reasonableness of
7  delay on a case by case basis, given the fact-bound nature of the
8  inquiry."  United States v. Hall, 181 F.3d 1057, 1062 (9th Cir.
9  1999) (quoting United States v. Franklin, 148 F.3d 451, 456-57
10  (5th Cir. 1998)).  "In undertaking such analyses, courts look
11  particularly to 'whether the delay was necessary to achieve its
12  purpose' and to whether there was any 'actual prejudice suffered
13  by the appellant.'"  Id. (quoting Franklin, 148 F.3d at 456-57).

14        This analytical framework must be applied to determine
15  the "reasonableness" of the delay between July 1, 2002[1] and
16  February 20, 2003.  Lu argues that this delay is unreasonable
17  because it was due to the "lateness of the disclosures" by the
18  government and other defense counsel.  (Def.'s Supp. Mot. at 6:7-
19  15.)  Lu also argues that he has suffered actual prejudice as a
20  result of stigma and anxiety, the inability to properly prepare
21  his defense due to incarceration, and the fading memories of
22  defense witnesses.  (Def.'s Mot at 12:22-14:5.)

23        The continuance was not caused by any tardiness on the
24  part of the government.  If defense counsel had been proceeding
25  diligently in preparation for trial, the court is satisfied that

26

27        [1]    For the purposes of this analysis, the court will
28  assume that Lu's speedy trial clock started on July 1, 2002 as he
   proposed.

4

1 they would have had a reasonable time to review information
2 provided by the government. The problem resulted primarily from
3 counsel for Lu's co-defendants waiting until the last minute to
4 file several important pretrial motions. Had the court insisted
5 upon going forward with the trial as scheduled in November, it
6 would have deprived the co-defendants of their right to effective
7 assistance of counsel.

8 As this court previously expressed, the primary
9 purpose, indeed the sole purpose, of this continuance was to
10 provide counsel on both sides, particularly the defense, the full
11 opportunity to prepare for a highly complex trial. Counsel for
12 Lu's co-defendants have requested additional time to file pre-
13 trial motions, conduct discovery, and study the volumes of
14 evidence produced in discovery; and counsel for the government
15 has requested a reasonable period of time to respond the those
16 defendants' belated motions.

17 Lu has not presented any specific or persuasive
18 evidence of prejudice that will result to him from the
19 continuance. He is in substantially the same position as the
20 other defendants who have requested the delay. Although he has
21 not joined in their recently filed motions, he is just as likely
22 to benefit if those motions are granted.

23 No severance motion has yet been granted.[2] By granting
24 a continuance, this court has also attempted to preserve a joint
25 trial in what promises to be a costly and time-consuming
26 proceeding. See Hall, 181 F.3d at 1062. ("The general purpose

27

28 [2] Orally on the record in open court, the court has
previously denied a motion for severance filed by Lu.

5

1   of section 3161(h)(7) is to facilitate the efficient use of
2   judicial resources by enabling joint trials where appropriate.")
3   In sum, the court finds that the applying this excludable delay
4   to Lu is reasonable under section 3161(h)(7).

5           Accordingly, the court finds no violation of Lu's
6   rights under the Speedy Trial Act.

7       B.   Violation of Sixth Amendment

8           The Sixth Amendment requires that "[i]n all criminal
9   prosecutions, the accused shall enjoy the right to a speedy and
10  public trial." U.S. Const. amend VI.  However, "[t]he Speedy
11  Trial Act affords greater protection to a defendant's right to a
12  speedy trial than is guaranteed by the Sixth Amendment, and
13  therefore a trial which complies with the Act raises a strong
14  presumption of compliance with the Constitution." United States
15  v. Baker, 63 F.3d 1478, 1497 (9th Cir. 1995); see United States
16  v. Nance, 666 F.2d 353, 360 (9th Cir. 1982) ("It will be an
17  unusual case in which the time limits of the Speedy Trial Act
18  have been met, but the Sixth Amendment right to speedy trial has
19  been violated.").

20          As discussed above, the delay challenged by Lu is
21  excludable and does not violate the Speedy Trial Act.  Such
22  compliance raises "a strong presumption of compliance with the
23  Constitution."  Lu has made no arguments to overcome that
24  presumption.

25  ///
26  ///
27  ///
28  ///

                                6

1         IT IS THEREFORE ORDERED that defendant Bao Lu's motion

2 to dismiss indictment based on post-indictment delay be, and the

3 same hereby is, DENIED.

4 DATED: October 17, 2002

5

6           WILLIAM B. SHUBB
          UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
for the
Eastern District of California
October 18, 2002


* * CERTIFICATE OF SERVICE * *


2:99-cr-00433


USA

    v.

Luong

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  October 18, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


       William Sze Wong              SH/WBS
       United States Attorney
       501 I Street
       Suite 10-100
       Sacramento, CA  95814

       Richard B Mazer
       Law Offices of Richard B Mazer
       99 Divisadero Street
       San Francisco, CA  94117

       Jan David Karowsky
       716 19th Street
       Suite 100
       Sacramento, CA  95814-0710

       Gail R Shifman
       Law Offices of Gail Shifman
       632 Commercial Street
       Second Floor
       San Francisco, CA  94111

Shari C Rusk
Law Offices of Shari Rusk
1710 Broadway
Suite 111
Sacramento, CA  95818

Jeffrey L Staniels
Federal Defender
801 K Street
Suite 1024
Sacramento, CA  95814

Michael Bradley Bigelow
Law Offices of Michael Bradley Bigelow
428 J Street
Suite 358
Sacramento, CA  95814-6908

James Ralph Greiner
Law Offices of James R Greiner
555 University Avenue
Suite 290
Sacramento, CA  95825

George C Boisseau
Law Offices of George C Boisseau
50 Santa Rosa Avenue
Fifth Floor
Santa Rosa, CA  95404

SERVICE BY INTER OFFICE:

FD        US MARSHAL        PROBATION        PRETRIAL  SERVICES        CHAMBERS

                                        Jack L. Wagner, Clerk

                                BY:  _L. Mena-Sanchez_
                                     Deputy Clerk