FILED

NOV - 7 2002

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

HOANG AI LE, et al.,

    Defendants.

NO. CR. S-99-433 WBS

MEMORANDUM AND ORDER

----oo0oo----

    Defendant Hoang Ai Le moves to sever the trial of the jointly charged defendants, counts one through three, and the counts involving firearm charges.[1]

I. Legal Standard

    Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 14 provides that the court may grant a severance "[i]f it appears that a defendant or

---

[1] This motion is joined by co-defendants Minh Huynh, John That Luong, and Thongsouk Theng Lattanaphom.

1

357

the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together." Fed. R. Crim. P. 14

Rules 8(b) and 14 are designed "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Zafiro v. U.S., 506 U.S. 534, 540 (1993) (quoting Bruton v. United States, 391 U.S. 123, 131 n.6 (1968) (internal quotation marks omitted)).

II. Discussion

A. Severance of Trial

Le claims that the prejudicial nature of the evidence submitted at trial against his other co-defendants will "spill over" and prejudice his right to a fair trial. (Def.'s P. & A. at 3-4.) He argues that the evidence against the other co-defendants will be "far more damaging" than the evidence against him and the jury will not be able to compartmentalize the evidence against each co-defendant to insure Le a reliable verdict. (Id. at 4.) Additionally, Le claims that certain co-defendants will present defenses and engage in tactics which will be antagonistic to his defense. (Id. at 6.)

"Generally speaking, defendants jointly charged are to be jointly tried." United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980) (citing United States v. Gay, 567 F.2d 916, 919 (9th Cir.), cert. denied, 435 U.S. 999 (1978)). The district court should only grant a severance "only if a serious risk exists that a joint trial would compromise a particular trial right of a properly joined defendant or prevent the jury from

reliably determining guilt or innocence." U.S. v. Cruz, 127 F.3d 791, 798-99 (9th Cir. 1997) (citing Zafiro, 506 U.S. at 538). "The prejudicial effect of evidence relating to the guilt of co-defendants is generally held to be neutralized by careful instruction by the trial judge." Escalante, 637 F.2d at 1201.

Here, Le states that he is entitled to a limiting instruction (Def.'s P. & A. at 5), but does not make any showing that it would be insufficient to protect him from the alleged spillover effect. A defendant "seeking severance based on the 'spillover' effect of evidence admitted against a co- defendant must also demonstrate the insufficiency of limiting instructions given by the judge." U.S. v. Hanley, 190 F.3d 1017, 1027 (9th Cir. 1999) (quoting United States v. Nelson, 137 F.3d 1094, 1108 (9th Cir.), cert. denied, 525 U.S. 901 (1998)). Le argues that there may be evidence introduced in trial that may not be admissible against him and that he was not involved in two of the four attempted robberies. This alone does not demonstrate that limiting instructions would be insufficient to protect his right to a fair trial or that the jury would be unable to compartmentalize the evidence against him. "[O]ur court assumes that the jury listen[s] to and follow[s] the trial judge's instructions." Escalante, 637 F.2d at 1201. Without a showing that the instructions of the trial judge will be insufficient to neutralize the prejudicial effect of evidence relating to the guilt of co-defendants, jointly charged defendants are to be tried jointly. Id. "Judicial economy justifies reliance on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each

3

defendant." <u>U.S. v. Matta-Ballesteros,</u> 71 F.3d 754, 771 (9th Cir. 1995) (quoting <u>United States v. Vaccaro</u>, 816 F.2d 443, 448 (9th Cir.), <u>cert. denied</u>, 484 U.S. 928 (1987).

"The most common reason for severing a trial is where co-defendants present mutually exclusive or irreconcilable defenses." <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 846 (9th Cir. 1994). Le argues that the court should also sever the trial for this reason.

To warrant severance on the basis of antagonistic defenses, co-defendants must show that their defenses are irreconcilable and mutually exclusive. <u>See</u> <u>United States v. Sherlock</u>, 962 F.2d 1349, 1363 (9th Cir. 1992). Defenses are mutually exclusive when "acquittal of one co-defendant would necessarily call for the conviction of the other." <u>United States v. Tootick</u>, 952 F.2d 1078, 1081 (9th Cir. 1991); <u>see</u> <u>United States v. Throckmorton</u>, 87 F.3d 1069, 1072 (9th Cir. 1996) (noting that "a defendant must show that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant").

Here, defendant has made no showing to this effect. Le has not disclosed his defense or that of his co-defendants. Le claims only that certain co-defendants, "especially John That Luong," will introduce evidence that will be prejudicial to Le's defense and which will be "mutually antagonistic to Le's trial strategy." (Def.'s P. & A. at 7.) Without more, Le has failed to demonstrate how his defense is mutually exclusive or irreconcilable with that of his co-defendants.

4

B.  Severance of Counts One Through Three

Defendant claims that the joinder of the Hobbs Act conspiracy to rob the Phonm Pich Jewelry story with the other Hobbs Act robberies is prejudicial and should be severed under Fed. R. Crim. P. 14. Le argues that there should be separate trials for the conspiracy to rob the jewelry store and the conspiracies to rob DFI and Amador Systems. Defendant does not offer any authority for this argument.

As discussed above, a defendant seeking severance must demonstrate the insufficiency of limiting instructions given by the judge. See Hanley, 190 F.3d at 1027. Le bases his request to sever the counts and conduct separate trials on the fact that there will be prejudicial evidence introduced "regarding a homicide and wounding of another victim." (Def.'s P. & A. at 9.) He has made no showing that limiting instructions will be insufficient to cure any prejudice resulting from the evidence offered against his co-defendants.

C.  Severance of Counts Involving Use of a Firearm

Finally, Le claims that the five charges involving use of a firearm[2] should be severed from the remaining conspiracy counts. Le claims that the firearm charges should be severed to ensure that the defendants will "not be prejudiced by evidence of use or possession of a firearm by others." (Def.'s P. & A. at 9.) Le does not offer any authority for this argument. A

---

[2] Counts two, five, seven, and nine are violations of 18 U.S.C. § 924(c)(1). Count three is based on a violation of 18 U.S.C. §§ 924(j)(1) and (2). The indictment contains a typographical error in count three which lists the applicable rules as 18 U.S.C. §§ 924 (i)(1) and (2).

5

conviction under section 924(c) may be based on a conspiracy under Pinkerton. United States v. Castaneda, 9 F.3d 761, 765, 768 (9th Cir. 1993), overruled on other grounds by United States v. Nordby, 225 F.3d 1053 (9th Cir. 2000); United States v. Johnson, 886 F.2d 1120, 1123 (9th Cir. 1989).  Each section 924(c) charge must be based on a separate predicate offense. United States v. Wills, 88 F.3d 704, 718 (9th Cir. 1996)  Here, the conspiracy charges form the predicate offense for each of the firearm charges under section 924(c).[3]  Accordingly, the weapons charges are properly joined to the conspiracy counts.

     IT IS THEREFORE ORDERED that defendant's motion for severance be, and the same hereby is, DENIED.

DATED: November 6, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Count three is based on a violation of 18 U.S.C. §§ 924(j)(1) and (2), which is predicated upon a violation of 924(c).  See 18 U.S.C. § 924(j).

```
                United States District Court
                         for the
                Eastern District of California
                      November 7, 2002


              * * CERTIFICATE OF SERVICE * *


                                       2:99-cr-00433


   USA

       v.

   Luong
   _____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 7, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


       William Sze Wong                         SH/WBS
       United States Attorney
       501 I Street
       Suite 10-100
       Sacramento, CA   95814

       Richard B Mazer
       Law Offices of Richard B Mazer
       99 Divisadero Street
       San Francisco, CA   94117

       Jan David Karowsky
       716 19th Street
       Suite 100
       Sacramento, CA   95814-0710

       Gail R Shifman
       Law Offices of Gail Shifman
       632 Commercial Street
       Second Floor
       San Francisco, CA   94111

       Shari G Rusk
       Law Offices of Shari Rusk
       1710 Broadway
       Suite 111
       Sacramento CA 95818
```

Sacramento, CA  95818

Jeffrey L Staniels
Federal Defender
801 K Street
Suite 1024
Sacramento, CA  95814

Michael Bradley Bigelow
Law Offices of Michael Bradley Bigelow
428 J Street
Suite 358
Sacramento, CA  95814-6908

James Ralph Greiner
Law Offices of James R Greiner
555 University Avenue
Suite 290
Sacramento, CA  95825

George C Boisseau
Law Offices of George C Boisseau
50 Santa Rosa Avenue
Fifth Floor
Santa Rosa, CA  95404

SERVICE BY INTER OFFICE:

FD        US MARSHAL        PROBATION        PRETRIAL SERVICES        CHAMBERS

                                                    Jack L. Wagner, Clerk

                                                BY: *[signature]*
                                                    Deputy Clerk