FILED

NOV - 7 2002

CLERK, U S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JOHN THAT LUONG, et al.,

       Defendants.

NO. CR. S-99-433 WBS

MEMORANDUM AND ORDER

----ooOoo----

Defendant John That Luong moves for severance under Federal Rule of Criminal Procedure 8(b).[1] He argues that each of the four robbery or attempted robbery conspiracies charged in the indictment are misjoined. Luong argues that each of the four conspiracies must be severed because there is no relationship among them and the facts underlying each offense are different.

I.   Legal Standard

Federal Rule of Criminal Procedure 8(b) governs the standard for joining two or more defendants:

Two or more defendants may be charged in the same

---

[1] This motion is joined by co-defendants Minh Huynh and Thongsouk Theng Lattanaphom.

1

358

>indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

The charges against the defendants are properly joined if they participated in the same series of acts or transactions constituting an offense or offenses. United States v. Golb, 69 F.3d 1417, 1425 (9th Cir. 1995), cert. denied, 517 U.S. 1127 (1996). "The term 'transaction' is interpreted flexibly, and whether a 'series' exists depends on whether there is a 'logical relationship' between the transactions." Id. (quoting United States v. Vasquez-Velasco, 15 F.3d 833, 843 (9th Cir. 1994)). "Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." Id. (citing Vasquez-Velasco, 15 F.3d at 844).

II. Discussion

In determining the propriety of joinder under Rule 8, courts are to look at the indictment. See e.g., United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990)("Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment.") However, courts have looked beyond the indictment itself to determine whether joinder is proper. See e.g., United States v. Vasquez-Velasco, 15 F.3d 833, 844 n.8 (9th Cir. 1994)("[Defendant] argues that the propriety of joinder under Rule 8(b) is to be based only on the face of the indictment. We have held that the plan or conspiracy need not be charged on the face of the indictment; instead, we look to

2

whether the evidence introduced at trial establishes that joinder was appropriate."); United States v. Ford, 632 F.2d 1354, 1375 (9th Cir. 1980)(finding that logical relationship "need not be charged on the face of the indictment."), cert. denied, 450 U.S. 934 (1981), overruled on other grounds, United States v. De Bright, 730 F.2d 1255, 1372 (9th Cir. 1984) (en banc).

To begin with the indictment itself, both John That Luong and Minh Huynh are charged in each of the four conspiracies. The government has represented to the court that it will demonstrate that in each conspiracy, the composition and hierarchy of the group were the same. Luong operated as the group's leader, Huynh operated as its crew chief, and the rest of the group consisted of subordinate crew members. This demonstrates a logical relationship among the four robberies because each involves a "substantial evidentiary overlap between charges" of the group's structure and identity of its leadership. Golb, 69 F.3d at 1426. That is, the composition and hierarchy of the group are the same in each of the four conspiracies, as is the identity of group's leaders.

Furthermore, the robberies "occurred within a relatively short time period and involved a common cast of characters." Id. at 1425. The four robberies are alleged in the indictment to have taken place over the course of approximately one month, from December 22, 1995 to January 25, 1996. Luong and Huyhn are charged in all counts. Lattanaphon and Ty Chan are charged in all counts except four and five. Son Van Nguyen and Ai Le are charged in five of the nine counts.

Accordingly, joinder is proper because "the charges

involve[] substantially overlapping evidence. . .combined with the fact that the events occurred during a brief time span and included many of the same participants." <u>Vasquez-Velasco</u>, 15 F.3d at 844.

Furthermore, joinder would be proper in this case consistent with the principles of trial convenience and efficiency. "Because the goal of Rule 8(b) is to maximize trial convenience and efficiency with a minimum of prejudice, Rule 8(b) is construed liberally in favor of joinder." <u>United States v. Sarkisian</u>, 197 F.3d 966, 975 (9th Cir. 1999)(internal citations omitted). Although not determinative, the court has also considered the burden that multiple trials would present for the victims in this case. Many would be faced with the possibility of testifying to their experience multiple times. Additionally, other litigants would be denied access to the court for upwards of nine months. Multiple trials in this case would not comport with Rule 8(b)'s goal of judicial economy.

IT IS THEREFORE ORDERED that defendant's motion for severance be, and the same hereby is, DENIED.

DATED: November 6, 2002

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

```
              United States District Court
                         for the
                Eastern District of California
                      November 7, 2002


              * * CERTIFICATE OF SERVICE * *


                                        2:99-cr-00433


    USA

        v.

    Luong

    _____


I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 7, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        William Sze Wong                       SH/WBS
        United States Attorney
        501 I Street
        Suite 10-100
        Sacramento, CA   95814

        Richard B Mazer
        Law Offices of Richard B Mazer
        99 Divisadero Street
        San Francisco, CA   94117

        Jan David Karowsky
        716 19th Street
        Suite 100
        Sacramento, CA   95814-0710

        Gail R Shifman
        Law Offices of Gail Shifman
        632 Commercial Street
        Second Floor
        San Francisco, CA   94111

        Shari G Rusk
        Law Offices of Shari Rusk
        1710 Broadway
        Suite 111
```
Sacramento CA 95818

```
Jeffrey L Staniels
Federal Defender
801 K Street
Suite 1024
Sacramento, CA  95814

Michael Bradley Bigelow
Law Offices of Michael Bradley Bigelow
428 J Street
Suite 358
Sacramento, CA  95814-6908

James Ralph Greiner
Law Offices of James R Greiner
555 University Avenue
Suite 290
Sacramento, CA  95825

George C Boisseau
Law Offices of George C Boisseau
50 Santa Rosa Avenue
Fifth Floor
Santa Rosa, CA  95404
```

SERVICE BY INTER OFFICE:

FD    US MARSHAL    PROBATION    PRETRIAL  SERVICES    CHAMBERS

Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk