**FILED**

NOV - 7 2002

CLERK, U.S DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                        DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

           Plaintiff,

        v.

SON VAN NGUYEN, et. al.

           Defendants.

NO. CR. S-99-0433 WBS

MEMORANDUM AND ORDER RE
DEFENDANT SON VAN NGUYEN'S
MOTION FOR SEVERANCE

----oo0oo----

Defendant Son Van Nguyen is one of seven defendants named in this indictment. In this motion to sever, Nguyen appears to make a total of five requests.[1] First, Nguyen seeks severance of co-defendant John That Luong from Counts One, Two, and Three. Second, Nguyen seeks severance from co-defendants Thy Chan, Thongsouk Theng Lattanaphom, and Bao Lu. Third, Nguyen seeks severance of Counts Four, Five, Eight, and Nine. Fourth, Nguyen seeks severance of Counts Six and Seven. Fifth, Nguyen

---

[1] Defendants John That Luong and Thongsouk Theng Lattanaphom have joined this motion for severance. Luong and Lattanaphom appear to adopt Nguyen's arguments in full and do not bring particularized arguments of their own.

1

1  requests a separate jury from all other defendants.

2  I.    Legal Standard

3          Rule 8(a) of the Federal Rules of Criminal Procedure
4  provides that offenses may be charged together "if they are of
5  the same or similar character or are based on the same act or
6  transaction or on two or more acts or transactions connected
7  together or constituting parts of a common scheme or plan."  Fed.
8  R. Crim. P. 8(a).  Rule 8(b) provides that defendants may be
9
   charged together "if they are alleged to have participated in the
10
   same act or transaction or in the same series of acts or
11
   transactions constituting an offense or offenses."  Fed. R. Crim.
12
13  P. 8(b).  Under Rule 14, the court may grant a severance "[i]f it
14  appears that a defendant or the government is prejudiced by a
15  joinder of offenses or of defendants in an indictment or
16  information or by such joinder for trial together."  Fed. R.
17
   Crim. P. 14.  Rules 8 and 14 are designed "to promote economy and
18
   efficiency and to avoid a multiplicity of trials, [so long as]
19
20  these objectives can be achieved without substantial prejudice to
21  the right of the defendants to a fair trial."  Zafiro v. U.S.,
22  506 U.S. 534, 540 (1993) (internal quotations omitted).

23  II.   Discussion

24        A.    Nguyen's First Request: Severance of Luong
25
26        First, Nguyen requests that the court sever co-
27  defendant Luong in Counts One, Two, and Three.  Defendant Luong
28  has filed a motion indicating that he plans to testify on his own

                                  2

1  behalf concerning the charges in Counts One, Two, and Three.

2  Nguyen anticipates that Luong will: 1) introduce evidence to

3  "impeach the credibility" of Nguyen; 2) "introduce evidence

4  against Nguyen"; and 3) introduce evidence "that will have a

5

6  spillover effect of guilt by association" for Nguyen.  (Def.'s

7  Mot. at 4.)  Although the legal argument here is unclear, it

8  appears that Nguyen anticipates one of two problems: 1) Luong

9  will set forth an antagonistic defense; or 2) Luong's testimony

10 will create Bruton[2] issues for Nguyen.  Under either scenario,

11 severance is unjustified.

12

13         To the extent that Nguyen is anticipating Bruton

14 issues, severance is not justified because the court can exclude

15 the prejudicial testimony at trial.  To the extent that Nguyen is

16 anticipating an antagonistic defense, severance is premature.  To

17 warrant severance on the basis of antagonistic defenses, co-

18 defendants must show that their defenses are irreconcilable and

19 mutually exclusive.  See United States v. Sherlock, 962 F.2d

20 1349, 1363 (9th Cir. 1992).  Defenses are mutually exclusive when

21

22 "acquittal of one co-defendant would necessarily call for the

23 conviction of the other."  United States v. Tootick, 952 F.2d

24 1078, 1081 (9th Cir. 1991); see United States v. Throckmorton, 87

25

26 _____
   [2]    Under Bruton v. United States, 391 U.S. 123, 127-28
27 (1968), "a defendant is denied [his] Sixth Amendment right of
   confrontation when a facially incriminating confession of a non-
28 testifying co-defendant is introduced at their joint trial, even
   if the jury is instructed to consider the confession only against
   the co-defendant."

3

F.3d 1069, 1072 (9th Cir. 1996) (noting that "a defendant must show that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant"). Here, Nguyen has disclosed neither his own defense nor that of Luong's. Without more, Nguyen has not shown that severance is necessary because of Luong's plan to testify at trial.

> B.   Nguyen's Second and Third Requests: Severance of Co-
>       Defendants Chan, Lattanaphom, and Bao Lu and Counts
>       Four, Five, Eight, and Nine

Nguyen seeks the severance of co-defendants Thy Chan, Thongsouk Theng Lattanaphom, and Bao Lu because "the amount of evidence against these three defendants [in Counts One, Two, and Three] is greater and more substantial than the amount of evidence against Nguyen." (Def.'s Mot. at 5:1-3.) Nguyen requests severance from these co-defendants to avoid prejudice resulting from "guilt by association." (Def.'s Mot. at 5:6-7.) Nguyen also seeks the severance of Counts Four, Five, Eight, and Nine because "there is no evidence that ties defendant Nguyen to any act alleged" in those four counts. (Def.'s Mot. at 5:15-17.) Nguyen argues that "the temptation [for the jury] is both too great and unconstitutional to have defendant Nguyen sitting at the trial" along with the alleged true perpetrators of Counts

4

Four, Five, Eight, and Nine.  (Def.'s Mot. at 5:23-24, 6:6-8.)
The gravamen of Nguyen's argument for these severances is that he
will be prejudiced by "the spillover effect of merely
associating" with his co-defendants.  (Def.'s Mot. at 6:5-6.)

        "Generally speaking, defendants jointly charged are to
be jointly tried."  United States v. Escalante, 637 F.2d 1197,
1201 (9th Cir. 1980) (citing United States v. Gay, 567 F.2d 916,
919 (9th Cir. 1978)).  The district court should grant a
severance "only if a serious risk exists that a joint trial would
compromise a particular trial right of a properly joined
defendant or prevent the jury from reliably determining guilt or
innocence."  U.S. v. Cruz, 127 F.3d 791, 798-99 (9th Cir. 1997).
"The prejudicial effect of evidence relating to the guilt of co-
defendants is generally held to be neutralized by careful
instruction by the trial judge."  United States v. Escalante, 637
F.2d 1197, 1201 (9th Cir. 1980).  Thus, a defendant "seeking
severance based on the 'spillover' effect of evidence admitted
against a co-defendant must also demonstrate the insufficiency of
limiting instructions given by the judge."  U.S. v. Nelson, 137
F.3d 1094, 1108 (9th Cir. 1998)).

        Here, Nguyen has failed to demonstrate that limiting
jury instructions by the court would be insufficient to
neutralize prejudice.  Nguyen argues generally that the jury will
be unable to follow the court's limiting instructions because of

the "huge disparity in the volume of evidence" against Nguyen
versus the volume of evidence against Nguyen's co-defendants.
(Def.'s Mot. at 14:1-2.)  At this point in the proceedings, of
course, the court has no knowledge of what the evidence is, or
whether there is the disparity of evidence alleged by Nguyen.
Nguyen has not come forward with any specific information that
would enable this court to evaluate whether limiting instructions
would indeed be inadequate to cure prejudice.  Absent such
information, the court is unpersuaded that severance is justified
at this time.

C.   Nguyen's Fourth Request: Severance of Counts Six and
     Seven

Next, Nguyen seeks a severance of Counts Six and Seven
from Counts One, Two, and Three.  Nguyen claims that joinder is
inappropriate because Counts One, Two, and Three "are totally
different in their alleged object than Counts Six and Seven."
(Def.'s Mot. at 6:9-10.)  According to Nguyen, the jewelry store
robbery in Counts One, Two, and Three, and the computer store
robbery in Counts Six and Seven are "distinct and unrelated
criminal acts" by Nguyen.

Joinder of offenses is permitted under Federal Rule of
Criminal Procedure 8(a) if the offenses are: 1) of the same or
similar character; 2) based on the same act or transgression, or
3) based on acts or transactions that are connected or constitute

6

parts of a common scheme.  Fed. R. Crim. P. 8(a).  "When the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."  United States v. Anderson, 642 F.2d 281, 284 (9th Cir. 1981), see United States v. Roberts, 783 F.2d 767, 769 (9th Cir. 1985).

Here, the court finds a "logical relationship" between the computer store robbery in Counts Six and Seven, and the jewelry store robbery in Counts One, Two, and Three.  The government has represented to the court that it will demonstrate that in each robbery, the composition and hierarchy of the group were the same.  John That Luong operated as the group's leader, Minh Huynh operated as its crew chief, and the rest of the group consisted of subordinate crew members. This demonstrates a logical relationship between the two robberies because each involves a "large area of overlapping proof" of the group's structure and identity of its leadership.  Accordingly, Counts Six and Seven are properly joined with Counts One, Two, and Three.

D.    Nguyen's Fifth Request: Separate Jury From Other Defendants

Finally, Nguyen requests a separate jury from all other defendants in the event that the court denies his requests for severance.  Because Nguyen has failed to show that limiting jury instructions are insufficient to cure prejudicial spillover, the

1  court denies this request.

2          IT IS THEREFORE ORDERED that defendant Son Van Nguyen's

3  motion for severance be, and the same hereby is, DENIED.[3]

4  DATED: November 6, 2002

5

6                    WILLIAM B. SHUBB
                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28      [3]   Accordingly, this motion is also denied as to
    defendants Luong and Lattanaphom.

                              8

United States District Court
for the
Eastern District of California
November 7, 2002


* * CERTIFICATE OF SERVICE * *


2:99-cr-00433


USA

    v.

Luong

---

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 7, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

       William Sze Wong                   SH/WBS
       United States Attorney
       501 I Street
       Suite 10-100
       Sacramento, CA  95814

       Richard B Mazer
       Law Offices of Richard B Mazer
       99 Divisadero Street
       San Francisco, CA  94117

       Jan David Karowsky
       716 19th Street
       Suite 100
       Sacramento, CA  95814-0710

       Gail R Shifman
       Law Offices of Gail Shifman
       632 Commercial Street
       Second Floor
       San Francisco, CA  94111

       Shari G Rusk
       Law Offices of Shari Rusk
       1710 Broadway
       Suite 111
       Sacramento CA 95818

Jeffrey L Staniels
Federal Defender
801 K Street
Suite 1024
Sacramento, CA  95814

Michael Bradley Bigelow
Law Offices of Michael Bradley Bigelow
428 J Street
Suite 358
Sacramento, CA  95814-6908

James Ralph Greiner
Law Offices of James R Greiner
555 University Avenue
Suite 290
Sacramento, CA  95825

George C Boisseau
Law Offices of George C Boisseau
50 Santa Rosa Avenue
Fifth Floor
Santa Rosa, CA  95404


SERVICE BY INTER OFFICE:

FD      US MARSHAL      PROBATION      PRETRIAL  SERVICES      CHAMBERS


                                        Jack L. Wagner, Clerk

                                BY:  _____
                                        Deputy Clerk