IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN THAT LUONG, MINH HUYNH, HOANG AI LE, and THONGSOUK THENG LATTANAPHOM,

    Defendants.

_____/

No. 2:99-CR-00433 WBS GGH

<u>Order Denying Motion for Recusal</u>

----

The matter before the Court is Minh Huynh's ("defendant") motion for recusal seeking to disqualify Judge William B. Shubb ("Judge Shubb") from presiding over this case. The United States of America ("plaintiff") opposes the motion. For the reasons set forth below, the Court DENIES the motion.[1]

///

---

[1] This motion was determined to be suitable for decision without oral argument. See <u>United States v. Rivera</u>, 802 F.2d 593, 601 (2d Cir. 1986) (a trial judge may elect not to hold a hearing on a motion for recusal where a defendant fails to allege sufficient facts of improper conduct to warrant a hearing).

1

I. PROCEDURAL BACKGROUND

On March 25, 2008, defendant filed a motion for recusal seeking to disqualify Judge Shubb for "personal bias or prejudice" pursuant to 28 U.S.C. § 455(a) & (b)(1).  Docket at 1171.  In support of his motion, defendant submitted an affidavit alleging that Judge Shubb "possesses 'personal bias or prejudice' against [him] by virtue of the fact that he was victimized by the commission of a crime identical to those charged in this case."  The affidavit alleges that Judge Shubb's "personal bias or prejudice" is illustrated by the following conduct: (1) his denial of all pretrial motions filed by defendant; (2) his intimidation of defendant into giving up his right to represent himself by calling him "stupid"; (3) his denial of a discovery motion filed by defendant; (4) his denial of defendant's request for a psychiatrist; (5) his rejection of a jury instruction proposed by defendant; and (6) his statement to the jury that defendant was to blame for the twelve-year delay in the case because "he kept firing his lawyers." Defendant maintains that these remarks and rulings reflect the personal bias and prejudice of Judge Shubb, and thereby constitute sufficient grounds justifying recusal.

On May, 2, 2008, Judge Shubb issued an order recusing himself from deciding defendant's motion and referred the matter for assignment to another judge to decide the question of

whether he should be disqualified from presiding over this case. Docket at 1188. On May 5, 2008, the matter was assigned to the undersigned. Docket at 1189.

## II. OPINION

28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. Section 144 "requires that the bias or prejudice of the judge be twofold: (1) personal, i.e. directed against the party, and (2) extra-judicial." United States v. Carignan, 600 F.2d 762, 763 (9th Cir. 1979). Section 144 requires the affiant to state the facts and the reasons for the belief that bias or prejudice exists; a failure to follow these elementary procedural requirements defeats a charge of bias. Davis v. Fendler, 650 F.2d 1154, 1163 (9th Cir. 1981). In addition, "the facts averred must be sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient." United States v. Sykes, 7 F.3d 1331, 1339 (7th Cir. 1993). "Detail of definite time and place and character are an absolute necessity to prevent the abusive use of the statute." Grimes v. United States, 396 F.2d 331, 333 (9th Cir. 1968) (internal quotation marks omitted).

28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding where his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) & (b)(1). A motion for recusal is committed to the sound discretion of the district court. United States v. Bell, 79 F.Supp.2d 1169, 1171 (E.D. Cal. 1999). The moving party bears a "substantial burden" to show that the judge is not impartial. Id.

"The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (internal quotation marks omitted); United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000). The alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939; see also United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) (explaining that "[t]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). Ordinarily, judicial remarks

4

during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, do not support a bias or partiality challenge.  Liteky v. United States, 510 U.S. 540, 555 (1994).  Such remarks, however, may support a bias or partiality challenge if they reveal an opinion that derives from an extrajudicial source; and will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.  Id.  Expressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds of what imperfect men sometimes display, do not establish bias or impartiality.  Id. at 555-5

Under § 144, the Court has the responsibility in the first instance to determine if the defendant has filed a "timely and sufficient affidavit" in support of his recusal motion.  In this regard, the Court finds that defendant's motion is untimely because it was filed over three months after the conclusion of trial and does not set forth facts showing good cause for its tardiness.  See Studley, 783 F.2d at 939 (a motion for recusal filed weeks after the conclusion of trial is presumptively untimely absent a showing of good cause for its tardiness).  Moreover, the Court finds that defendant's motion is untimely because even though defendant was aware that Judge Shubb was the

Case 2:99-cr-00433-WBS   Document 1194   Filed 05/21/08   Page 6 of 10

victim of a home-invasion robbery before trial,[2] he decided to raise this ground for recusal for the first time after trial. See E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992) (holding that ground for recusal was untimely raised where party knew about the ground for disqualification before trial but raised it for first time in his motion for new trial); Bell, 79 F.Supp.2d at 1172 n. 1 (holding that post-judgment recusal motion was untimely where motion was based entirely on issues previously addressed, discovered by defendants long before judgment was entered, and on adverse rulings of the court); see also First National Bank of Peoria v. Muller, 851 F.2d 916, 919 (7th Cir. 1988) (movant waived any grounds for making a recusal motion where movant knew the facts at a preliminary hearing and proceeded to trial without objection and only raised the bias issue after Judge's unfavorable ruling).  This failure alone provides sufficient grounds to deny defendant's motion.

In addition to being untimely, the Court finds that defendant's motion is deficient in form because the affidavit

---

[2] According to defendant, he was informed during a pre-trial deal negotiation session that Judge Shubb was the victim of a home-invasion robbery. Def.'s Affidavit ¶ 11. Defendant further acknowledges that Judge Shubb advised the jury during jury selection that he was the victim of a home-invasion robbery. Id. ¶ 4.

6

filed in support thereof was not "accompanied by a certificate of counsel of record stating that it is made in good faith" as required by § 144.  See 28 U.S.C. § 144.  While defendant submitted an affidavit in support of his motion, it was not accompanied by a certificate of counsel of record.[3]  Thus, because § 144 plainly requires that the affidavit in support of a recusal motion be accompanied by a certificate of *counsel of record* stating that it is made in good faith, defendant's motion is legally insufficient.  Accordingly, because the procedural requirements under § 144 are strictly construed, defendant's failure to comply with these requirements is sufficient grounds to deny his motion.  See Bell, 79 F.Supp.2d at 1172 (failure to satisfy the procedural requirements under § 144 is sufficient grounds for denying a recusal motion).

   Moreover, even assuming that defendant's motion is timely and legally sufficient, the Court nonetheless finds that it is without merit.  In applying the principles set forth above, the Court finds that defendant's stated grounds for recusal are inadequate.  Defendant did not show by detailed or definite facts that the complained of conduct was the result of prejudice or bias stemming from an extrajudicial source or that the conduct displayed such a deep-seated favoritism or antagonism so

---

[3] Contrary to defendant's assertion, the record reveals that he is represented by counsel.

7

as to make fair judgment impossible.  There is nothing before the Court to indicate that Judge Shubb's rulings were based on anything other than the merits of the applicable facts and law.  As such, the Court does not find that, based on the record in this matter, a reasonable person, knowing all the relevant facts, could conclude that Judge Shubb's impartiality might reasonably be questioned merely because, over ten years ago, he was the victim of a factually dissimilar crime.  In this regard, the record reveals that Judge Shubb was the victim of a residential burglary turned into a robbery following his confrontation of two young men burglarizing his home. In contrast, the defendants in this case are charged with conspiracy to commit robbery affecting interstate commerce, use of a firearm during a crime of violence, and death caused by a crime of violence.  The underlying facts involve a home-invasion robbery with the object of torturing the residents to gain access to their business.  The Court does not find the mere fact that Judge Shubb was the victim of a criminal offense vaguely related to the circumstances giving rise to the offenses charged in this case sufficient grounds for recusal, especially given that the incident occurred over ten years ago, was not particularly egregious (so as to inflame Judge Shubb's emotions at the expense of his judicial instincts and temperament), and was openly spoken about during jury selection.  Under these

circumstances, the Court does not find that a reasonable person could conclude that Judge Shubb's impartiality might reasonably be questioned.

Because defendant's motion is untimely and legally insufficient, and because defendant failed to sustain his substantial burden to show that Judge Shubb is not impartial, the Court finds that there are no grounds justifying recusal in the present case. Accordingly, defendant's motion for recusal is denied.[4]

## III. ORDER

For the reasons set forth above, it is hereby ordered that defendant's motion for recusal is DENIED. It is further ordered that John Luong's and Bao Lu's motions for joinder are DENIED.

---

[4] Finally, to the extent that co-defendants John That Luong and Bao Lu filed motions for joinder in defendant's motion for recusal, the Court finds these motions to be untimely, deficient in form and without merit. First, the motions are untimely because they were filed over three months after the conclusion of trial and are devoid of facts showing good cause for their tardiness. Second, the motions are deficient in form because they are not accompanied by a certificate of counsel of record stating that they are made in good faith as required by § 144. Lastly, even assuming that the motions were timely and legally sufficient, the Court nonetheless finds the motions to be without merit because they do not set forth detailed or definite facts showing that the complained of conduct was the result of prejudice or bias stemming from an extrajudicial source or that the conduct displayed such a deep-seated favoritism or antagonism so as to make fair judgment impossible. As such, the Court does not find that a reasonable person could conclude that Judge Shubb's impartiality might reasonably be questioned. Accordingly, these two motions for joinder are both denied.

This matter is hereby transferred and assigned back to Judge Shubb for all further proceedings.

    IT IS SO ORDERED.

Dated: May 21, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE