IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

BAO LU, et al.,

      Defendants.

_____/

No. 2:99-CR-00433 WBS GGH

ORDER DENYING MOTION FOR RECUSAL, MOTION FOR FURTHER INFORMATION AND MOTION TO DEFER FINAL SENTENCING

----

The matter before the Court is Bao Lu's ("Defendant") motion for recusal seeking to disqualify Judge William B. Shubb ("Judge Shubb") from presiding over this case pursuant to 28 U.S.C. § 455(a).[1]  Defendant seeks to disqualify Judge Shubb on the basis that his impartiality might reasonably be questioned because he was the victim of a home-invasion burglary.  In this

---

[1] This motion was determined to be suitable for decision without oral argument.  See United States v. Rivera, 802 F.2d 593, 601 (2d Cir. 1986) (a trial judge may elect not to hold a hearing on a motion for recusal where a defendant fails to allege sufficient facts of improper conduct to warrant a hearing).

motion, Defendant also requests (1) "an opportunity to become familiar with the facts and circumstances involved in the December 1997 invasion of [Judge Shubb's] home and his treatment at the hands of the perpetrators"; and (2) that Judge Shubb defer the final sentencing of Defendant.  For the reasons set forth below, the Court denies Defendant's motion and requests contained therein.

A motion for recusal filed weeks after the conclusion of a trial is presumptively untimely absent a showing of good cause for its tardiness.  United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).  Here, because Defendant's motion for recusal was filed nearly five years after the conclusion of his trial, and because the motion is devoid of specific facts showing good cause for its tardiness, the motion is untimely.  To the extent that Defendant attempts to establish good cause by arguing that neither he nor his current counsel were aware of the fact that Judge Shubb was the victim of the home-invasion burglary until recently, the Court finds this argument unpersuasive.  An evaluation of the record in this case reveals that Defendant's first attorney, Robert Peters, was aware of this incident insofar as he represented one of young men involved in the burglary in state court proceedings.  Moreover, Defendant's present counsel fails to sufficiently explain his alleged failure to learn of the incident involving Judge Shubb prior to

May 2008.  A review of the newspaper articles concerning the 1997 incident or a review of the trial transcripts from the co-defendants trial in 2007 would have provided Defendant's counsel with all the information he now seeks at this late date.

Even assuming for the sake of argument that Defendant's motion is timely, the Court nonetheless finds that it lacks merit.  Section 455(a) provides that a judge "shall disqualify himself in any proceeding where his impartiality might reasonably be questioned."  The standard for recusal under § 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Studley, 783 F.2d at 939.  The moving party bears a "substantial burden" to show that the judge is not impartial.  United States v. Bell, 79 F.Supp.2d 1169, 1171 (E.D. Cal. 1999).  As set forth more fully in this Court's prior Order, the Court does not find that a reasonable person with knowledge of all the facts would conclude that Judge Shubb's impartiality might reasonably be questioned merely because he was the victim of a factually dissimilar criminal offense vaguely related to the circumstances giving rise to the offenses charged in this case.  Accordingly, because Defendant did not present compelling argument demonstrating that Judge Shubb is not impartial, Defendant's motion for recusal is denied.  Finally, to the extent that Defendant requests the opportunity to inquire into

the facts of the home-invasion burglary and to defer his sentencing, the Court denies these requests.  Further inquiry into this incident is unnecessary given that the facts are public knowledge, appearing prominently in the Sacramento Bee on December 13, 1997, as well as the transcript from the co-defendants' 2007 trial.  These facts were carefully considered by the Court in ruling on this motion.

   Defendant's motions for recusal, for further information and to defer sentencing are all DENIED.  This matter is hereby transferred and assigned back to Judge Shubb for all further proceedings.

   IT IS SO ORDERED.

   Dated:  June 27, 2008      _____
                              JOHN A. MENDEZ,
                              UNITED STATES DISTRICT JUDGE