UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

JOHN THAT LUONG et al.,

          Defendants.

_____/

NO. CR. 99-433 WBS GGH

ORDER

----oo0oo----

On December 14, 2007, a jury returned guilty verdicts against defendant Minh Huynh on all counts of a nine-count indictment alleging conspiracy to violate the Hobbs Act, 18 U.S.C. § 1951(a) (Counts 1, 4, 6, 8), use of a firearm during a crime of violence, 18 U.S.C. § 924(c) (Counts 2, 5, 7, and 9), and causing death by use of a firearm during a crime of violence, 18 U.S.C. § 924(j) (Count 3).  Defendant is currently in custody in the Sacramento County Jail awaiting judgment and sentencing. Presently before the court are defendants' requests for an orthopedic shoe and for visits to the Sacramento County Jail law library.  (Docket Nos. 1301, 1302.)

1

1    Defendant's requests are not the first instances in
2    which he has filed papers in this criminal case challenging the
3    conditions of his confinement.  (See, e.g., Docket No. 656
4    (request for an orthopedic shoe); Docket No. 678 (request for
5    dental care); Docket No. 913 (request for a medical examination);
6    Docket No. 973 (request for pain medication); Docket No. 1245
7    (request for visits to the Sacramento County Jail law library);
8    Docket No. 1289 (request for an orthopedic shoe).)  Such filings
9    may be appropriate in a criminal proceeding where defendant's
10   conditions of confinement affect his ability to consult with
11   counsel or exercise other trial rights.  See, e.g., Falcon v.
12   U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995) ("Judge
13   Moreno, who is presiding over [defendant's] drug case . . .
14   retains jurisdiction over all pretrial, trial[,] and post-trial
15   aspects of that case. . . . Any problem [defendant] has with his
16   access to counsel resulting from the nature of his pretrial
17   detention should be addressed to Judge Moreno in the first
18   instance.").

19        In contrast, neither of defendant's pending requests
20   involve matters affecting any of his substantive or procedural
21   rights in this criminal proceeding.  There has been no showing or
22   suggestion that defendant needs an orthopedic shoe in order to
23   attend his court appearances or to exercise any other rights in
24   this case.  With respect to his request for access to the law
25   library, the court notes that defendant is represented by
26   experienced and well-qualified counsel, who is capable of doing
27   whatever research is necessary for the effective representation
28   of defendant in this proceeding.  Moreover, on March 20, 2009,

this court ordered that defendant be allowed reasonable access to the Sacramento County Jail law library.  (Docket No. 1248.)  That is more than sufficient to address his present request.

As several courts have recognized, the proper procedure to redress a defendant's grievances regarding treatment within a jail or prison is to file a civil suit against the relevant parties pursuant to 42 U.S.C. § 1983, rather than a motion in his criminal case.  See, e.g., United States v. Hollis, No. 08-276, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009) (Wanger, J.) (advising defendant that "any claims concerning the conditions of his confinement at the Fresno County Jail must be made in an appropriate civil rights complaint" and that he "cannot bring these motions in his federal criminal case"); United States v. Wells, No. 02-20, 2007 WL 3025082, at *2 (W.D. Ky. Oct. 15, 2007) ("[T]o the extent Wells is challenging his condition of confinement . . . , the appropriate course would be to file a civil action against the alleged wrongdoers, not a . . . motion in his criminal action."); cf. United States v. Lanza, Nos. 06-552 et seq., 2006 WL 6105611, at *1 (W.D. Wis. Nov. 27, 2006) ("Petitions for writs of habeas corpus are civil actions that must be filed in an action separate from a defendant's criminal case.").

Permitting defendant to file grievances in his criminal proceeding not directly related to his ability to exercise his rights in that proceeding would circumvent his obligation to exhaust administrative remedies before seeking redress in court. See Ontiveros v. Los Angeles County, 611 F. Supp. 2d 1090, 1094 (C.D. Cal. 2009) ("The Prison Litigation Reform Act of 1995 . . .

requires exhaustion of administrative remedies for all 'action[s] . . . brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility . . . .'" (quoting 42 U.S.C. § 1997e(a)) (alterations in original)); see also id. at 1094 ("'Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court.  This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.'" (quoting Jones v. Bock, 549 U.S. 199, 204 (2007))).

        Further, the only parties to this criminal proceeding are the United States and the defendants.  Claims of inadequate medical treatment or other complaints regarding conditions of confinement potentially involve the Marshal, Sheriff, or other person or persons responsible for the custody and care of the defendant.  Entertaining defendant's filings in this action fails to properly apprise those individuals who have the requisite authority and ability to address and potentially remedy defendant's grievances.  See, e.g., Rich v. Zitnay, 644 F.2d 41, 42 (1st Cir. 1981) ("If plaintiffs' complaint were an unconstitutional lack of necessities such as food or heat it appears that they should ordinarily sue their present custodians for relief. . . . [T]he prisoners' immediate custodians, would . . . be the proper parties for remedying the wrong.").

        IT IS THEREFORE ORDERED that defendant's present requests (Docket Nos. 1301, 1302) be, and the same hereby are,

4

1 | DENIED without prejudice to their filing as a separate civil

2 | action.

3 | DATED:   September 2, 2009

4 |

5 | _____

WILLIAM B. SHUBB

6 | UNITED STATES DISTRICT JUDGE

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

5