UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

      Plaintiff,

   v.

JOHN THAT LUONG, at al.,

      Defendants.
_____/

NO. CR. 99-433 WBS GGH

MEMORANDUM AND ORDER RE: SENTENCING MOTIONS

----oo0oo----

The facts of this case are well known to the parties and do not bear repeating. Presently before the court are defendant John That Luong's sentencing motions and motions to dismiss the Indictment. The court has previously ruled on many of the issues raised by defendant Luong's motions during the course of trial and in the court's prior Order of May 14, 2009. United States v. Luong, No. 99-0433, 2009 WL 1393406 (E.D. Cal. May 15, 2009). To the extent that Luong's new motions raise issues already decided by this court in this case, the court

1

incorporates its previous rulings on those issues by reference.

    A.    <u>John That Luong's Sentencing Motions (Docket No. 1307)</u>

        1.    <u>The Relevant Penalty Structure for Defendant Luong's § 924(c) Conviction Is Found in 18 U.S.C. § 924(o) Which Should Be Applied</u>

Luong moves to be sentenced under 18 U.S.C. § 924(o) rather than under § 924(c) as convicted and charged in the Indictment on the ground that § 924(c) cannot be applied to convictions that are based on <u>Pinkerton</u>[1] conspiratorial liability and that § 924(o) properly applies to such convictions. The court has previously ruled on a nearly identical motion by Luong (Docket No. 1226) in its prior Order. <u>Luong</u>, No. 99-0433, 2009 WL 1393406, at *17. Luong's prior motion argued the legislative history of § 924(c) demonstrated that Congress intended that section to single out the actual user or carrier of a gun in the commission of a violent crime. (Docket No. 1226, at 3.) The present motion makes substantially the same argument about Congressional intent and cites the same cases, but is framed around the canon of statutory construction that a specific statutory provision (§ 924(o)) controls over a more general provision (§ 924(c)). (<u>Compare</u> Docket No. 1307, at 2, <u>with</u> Docket No. 1226, at 4.)

As previously explained, the Ninth Circuit has held that § 924(c) may be applied to convictions based on <u>Pinkerton</u> liability. <u>See</u> <u>United States v. Allen</u>, 425 F.3d 1231 (9th Cir. 2005). The court has already considered Luong's argument that

---

[1] <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

Congress intended § 924(o) to exclusively apply to convictions based on Pinkerton liability and rejected it. Accordingly, this motion will be denied.

        2. <u>Argument that Defendant Luong Should Not Be Subject To the Mandatory Minimum Sentence for a Second and a Subsequent Gun Use Because the Second and Subsequent Nature of the Offense Was Not Charged in the Indictment and Decided by the Jury on Proof Beyond a Reasonable Doubt</u>

Luong argues that being sentenced a twenty-year mandatory minimum sentences for a second and subsequent gun use under § 924(c)(1) would violate the Sixth Amendment because the second and subsequent nature was not charged in the indictment and found by a jury beyond a reasonable doubt as required by Apprendi v. New Jersey, 530 U.S. 466 (2000).

Luong acknowledges that Deal v. United States, 508 U.S. 129 (1993), applies, which made clear that "when the government charges more than one § 924(c) offense in a single indictment, each additional count is to be treated as a 'second or subsequent conviction' . . . ." United States v. Beltran-Moreno, 556 F.3d 913, 915 (9th Cir. 2009). Luong argues that Deal is inapplicable to addressing what pleading requirement is necessary to trigger the increased penalty. (John That Luong's Sentencing Mots., at 4.)

Luong relies on United States v. Rodriguez-Gonzales, 358 F.3d 1156 (9th Cir. 2004) to distinguish the case from Deal. In that case, Rodriguez-Gonzales was charged with two counts of illegal entry in violation of 8 U.S.C. § 1325(a). Under section

3

1325, a first illegal entry is a misdemeanor offense and a second illegal entry is a felony.  8 U.S.C. § 1325(a)(3).  The Information did not state that the second count was a subsequent entry or specifically reference the first count, and the district court stated that it believed the government had to specifically prove the second count was a subsequent entry to receive the benefit of the enhanced sentencing for the second count.

On appeal by the government, the Ninth Circuit held that because the earlier offense transformed the second offense from a misdemeanor into a felony, the prior offense was more than a sentencing factor such that Apprendi required it be charged explicitly in the second count and Almendarez-Torres v. United States, 523 U.S. 224 (1998) (prior offense may be used to increase sentence even if not pled), did not apply.  Id. at 1160 ("[W]e hold that because a subsequent commission under 8 U.S.C. § 1325(a) changes the nature of the crime, the prior commission must be charged.").

Such is not the case here.  Both a first and second or subsequent gun offense under Section 924(c) constitute felonies.  18 U.S.C. § 924(c).  A first conviction, therefore, therefore is nothing more than a sentencing factor under Almendarez-Torres.  Therefore, Rodriquez-Gonzales is inapplicable and Luong's motion will we denied.

        3.    <u>Punishing Defendant for Convictions of Section 924(c) and Section 1951(A) (Hobbs Act Conspiracy) Each Based Exclusively on Conspiratorial Liability Would Constitute Cumulative Punishment Not Authorized by Congress</u>

4

1   This motion recites almost verbatim the arguments made
2  in a previous motion submitted by Luong (See Docket No. 1228) and
3  decided by the court in its May 14, 2009 Order.  Luong, No. 99-
4  0433, 2009 WL 1393406, at *18.  Because the motion raises no
5  issues that have not already been decided by the court, it will
6  be denied.

          4.   *U.S. v. Swapp*'s Unlawful Cumulative Punishment Argument

9   Luong moves the court to not impose sentence under
10 Counts Two, Five, Seven, and Nine of the Indictment for § 924(c)
11 use of a firearm in connection with the robbery conspiracy
12 because so doing would constitute double counting of the firearms
13 charges.  Counts One, Four, Six, and Eight of the Indictment
14 charged Luong with conspiracy to commit armed robbery affecting
15 interstate commerce.  Luong argues that the pre-sentence report
16 recognizes the problem of double counting by recommending the
17 court not sentence for the "armed" allegation in Counts One,
18 Four, Six, and Eight and impose a twenty-year mandatory minimum
19 for a second and subsequent gun use for Counts Two, Five, Seven,
20 and Nine.  (Luong Sentencing Mots., at 11.)  Luong moves instead
21 to be sentenced under Counts One, Four, Six, and Eight of the
22 Indictment for conspiracy to commit armed robbery, where the
23 "armed" allegation would add a five-level enhancement to the base
24 offense level.

25  Luong relies on United States v. Swapp, 719 F. Supp.
26 1015 (D. Utah 1989) (mem.) for the argument that sentencing him
27 as recommended by the pre-sentence report would result in "the
28 potential for untrammeled stacking of mandatory minimum counts by

5

a zealous prosecutor." Swapp, 719 F. Supp. at 1022 (refusing to sentence defendant convicted under § 924(c) for use of an explosive where the underlying offense charged under 18 U.S.C. § 844(i)-(ii) for damaging a building used in interstate commerce also charged and proved the use of an explosive). Contrary to Luong's representation that the case was affirmed on appeal by the Tenth Circuit, that court remanded the case back to the district court for re-sentencing on the § 924(c) offense. United States v. Swapp, 934 F.2d 326, 1990 WL 299279, at *14 (10th Cir. 1990) (mem.) The Tenth Circuit ruled that a sentence under § 924(c) is neither discretionary nor violative of Blockburger v. United States, 284 U.S. 299 (1932), as § 924(c)(1) clearly dictates a convicted offender "shall" be sentenced to a mandatory term of imprisonment "in addition to the punishment provided for such crime of violence." Id. at *14-16.

        Accordingly, Luong's motion will be denied.

        5.    <u>Motion to Dismiss the Indictment on the Grounds It Does Not Charge Federal Offenses</u>

        Luong moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) on the grounds that conspiring and agreeing to affect commerce by robbery as charged in the Indictment is not an offense under The Hobbs Act, 18 U.S.C. § 1951. That statute states in part: "Whoever in any way or degree obstructs, delays, or affects commerce . . . by robbery or extortion or attempts or conspires so to do . . . shall be fined under this title or imprisoned not more than twenty years, or both." 18 U.S.C. § 1951(a). Luong argues the Hobbs Act prohibits only conspiracy to rob affecting interstate

6

commerce and not conspiracy to affect commerce by robbery. (Luong Sentencing Mots., at 12.)

   The court has several times before heard and rejected Luong's argument that the Indictment did not adequately allege Hobbs Act violations. See, e.g., United States v. Luong, No. 99-0433, 2007 WL 779730, at *1 (E.D. Cal. Mar. 14, 2007) (withdrawing United States v. Luong, No. 99-0433, 2006 WL 2401711 (E.D. Cal. Aug. 18, 2006)). Luong's current challenge to the Indictment is a flawed exercise in semantics. Counts One, Four, Six, and Eight of the Indictment charged Luong and others with "knowingly and unlawfully agree[ing] and conspir[ing] to obstruct, delay, and affect commerce . . . by armed robbery . . . ." These Counts recited the statutory language of § 1951(a) almost verbatim, and the allegations are sufficient to state an offense under Hobbs Act. See United States v. Crow, 824 F.2d 761, 762 (9th Cir. 1987).

   Furthermore, the distinction Luong makes between "conspiracy to affect commerce by robbery" and "conspiracy to rob affecting interstate commerce" is not supported by the cases he cites. In United States v. Rosa, 560 F.2d 149 (3d Cir. 1977), the Third Circuit held only that the Hobbs Act prohibits attempted extortion that would, if successful, obstruct commerce, and rejected the appellant's argument that the Act only prohibited conspiracy to affect interstate commerce. Id. at 152. Luong's citation to United States v. Rindone, 631 F.2d 491, 496 (7th Cir. 1980) (Swygert, J., dissenting), is to the dissenting opinion. The majority in that case ruled that the Hobbs Act proscribes attempts to obstruct interstate commerce through

extortion. Rindone, 631 F.2d at 493 ("In short, a section 1951 violation is complete when one attempts to induce a victim engaged in interstate commerce to part with property.")

This motion, therefore, will also be denied.

B.  <u>John That Luong's Motion to Dismiss Counts 4-9 of the Indictment for Violation of the Double Jeopardy Clause of the Fifth Amendment (Docket No. 1321)</u>

John That Luong moves to dismiss Counts Four through Nine of the Indictment for violation of the Double Jeopardy Clause. Specifically, Luong argues that the Indictment impermissibly charged separate Hobbs Act conspiracies rather than one continuous Hobbs Act conspiracy as described in Racketeer Influenced and Corrupt Organizations Act (RICO) Count One of the Superseding Indictment in the Northern District of California.

Luong has previously filed or joined in several motions making the same argument (see, e.g., Docket Nos. 133-34, 142, 136-37, 261, 311, 1224, 1240, 1244) which this court and the Ninth Circuit have already heard and rejected. Luong, No. 99-0433, 2009 WL 1393406, at *18; United States v. Ai Le, No. 99-0433, 2003 WL 378641, at *2-4 (E.D. Cal. Feb. 14, 2003), aff'd sub nom. United States v. Luong, 393 F.3d 913, 915 (9th Cir. 2004), cert denied, 544 U.S. 1006 (2005). Luong's motion will therefore be denied.

C.  <u>John That Luong's Motion to Dismiss the Indictment for Failure To Charge Any Federal Offense (Docket No. 1348)</u>

Luong moves to dismiss the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2) on the grounds that the facts alleged in the Indictment do not constitute a

conspiracy to rob affecting interstate commerce under the Hobbs Act, 18 U.S.C. § 1951(a).  This motion is virtually identical to the fifth Sentencing Motion (Docket No. 1307) discussed <u>supra</u>, and will therefore be denied.

    D.    <u>John That Luong's Motion to Dismiss Pinkerton Theory and Hobbs Act (Docket No. 1353)</u>

Luong also moves to exclude the application of the <u>Pinkerton</u> theory of liability and to dismiss the Hobbs Act conspiracy verdicts because the Hobbs Act is unconstitutional on its face and as applied.  First, Luong argues that application of <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946), to this case violates separation of powers and the Ex-Post Facto Clause. <u>Pinkerton</u>, however, has been the law of the land for over sixty years, and is binding precedent on this court.  Because Luong entered into the Hobbs Act conspiracies long after <u>Pinkerton</u> was decided, he had fair warning that co-conspirators would be held criminally liable for the reasonably foreseeable crimes committed in furtherance of the conspiracy.  Therefore there is no Ex-Post Facto violation.  <u>See</u> U.S. Const. art. I, § 9; <u>Weaver v. Graham</u>, 450 U.S. 24, 29 (1981) (ex-post facto laws must 1) be retroactive; and 2) disadvantage offenders affected by the law).

Luong also argues that the Hobbs Act is unconstitutional because it does not require proof of an overt act committed in furtherance of the conspiracy, and because it is void for vagueness.  The Supreme Court has rejected similar arguments with respect to other conspiracy statutes where Congress is silent regarding an overt act.  <u>See</u> <u>United States v. Shabani</u>, 513 U.S. 10 (1994) (holding that conspirator liability

under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 846, does not require proof of an overt act); Singer v. United States, 323 U.S. 338, 340 (1945) (overt act not required for conspiracy under the Selective Service Act of 1940, 50 U.S.C. Appx. §§ 451-73); Nash v. United States, 229 U.S. 373, 378 (1913) (overt act not required for antitrust conspiracy under the Sherman Act, 15 U.S.C. §§ 1-7).

It is a settled principle of statutory construction that "absent contrary indications, Congress intends to adopt the common law definition of statutory terms." Shabani, 513 U.S. at 13; see Molzof v. United States, 502 U.S. 301, 307-308 (1992). The Supreme Court has "consistently held that the common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability." Shabani, 513 U.S. at 13-14 (internal quotation marks omitted). Because there is no indication Congress intended to deviate from this common law understanding, all that is needed to prosecute a Hobbs Act conspiracy is proof of an agreement the objective of which is a substantive violation of the Hobbs Act.

Luong's void-for-vagueness argument fails because, as explained above, Pinkerton has been the law for over sixty years. Would-be conspirators have had ample fair notice that they may be prosecuted for Hobbs Act violations through a theory of Pinkerton conspiracy liability.

Finally, in a separate brief in support of this motion filed on February 18, 2010, (Docket No. 1380), Luong also argues that Bouie v. City of Columbia, 378 U.S. 347 (1964), applies such that the court's construction of the "presence" requirement of

10

the Hobbs Act should not be granted retroactive effect and applied to his conviction. As Luong himself notes, deprivation of the right of fair warning as to the scope of a criminal statute occurs where the "judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue." Id. at 354; see also McSherry v. Block, 880 F.2d 1049, 1053 (9th Cir. 1989) ("We must decide only whether the construction actually given the statute was foreseeable.") (internal quotation marks omitted). The court has previously denied Luong's motion for judgment of acquittal (Docket No. 1129), which similarly argued that the "presence" element of the Hobbs Act was not met. Luong, No. 99-0433, 2009 WL 1393406, at *4-6.

Under the Hobbs Act, "property is in the presence of a person if it is so within his reach, inspection, observation or control, the he could if not overcome by violence or prevented by fear, retain his possession of it." United States v. Burns, 701 F.2d 840, 845 (9th Cir. 1983) (internal quotation marks omitted). Luong recognizes that the "presence" requirement can be satisfied even when a victim is physically separated from his property, (Docket No. 1380, at 3 (citing People v. Webster, 54 Cal. 3d 411 (1991)) (quarter-mile distance)), yet he argues that the court's decision in the instant case represents such a departure from the prior law that it would violate Luong's Due Process rights for that decision to be applied in this case. Luong bases his argument on the fact that the victims in this case were miles from their businesses when defendants intimidated the victims and subsequently took their property, and that defendants did not

11

have to "lure" the victims away from their property.

Luong's Bouie argument fails because the prior caselaw makes clear that "presence" can be found even when the victim is not in physical possession of his property. See, e.g., United States v. Lake, 150 F. 3d 269, 272 (3d Cir. 1998) (courts examine whether, "had the [victim] not been subjected to violence or intimidation by the robber, he could have prevented the taking"); Webster, 54 Cal. 3d 411.  It was foreseeable, therefore, that courts interpreting the "presence" requirement could find that distances at issue in this case--three to ten miles--could also constitute presence.

While Luong argues that the court's ruling essentially obliterated the "presence" requirement, the court recognized the potential limitations of this approach. See Luong, No. 99-0433, 2009 WL 1393406, at *5 (quoting United States v. Kimble, 178 F.3d 1163, 1167 (11th Cir. 1999) (stating in dicta that it would not be robbery where one accomplice immobilized victim and another accomplice steals victim's property several miles away, because victim could not prevent its taking)).  Furthermore, Luong's attempt to distinguish the instant case from cases such as Webster on the basis that there was no "luring away" of victims from their property is without merit, as Luong's own cases show. See State v. Kennedy, 154 Mass 268 (1900) (robbery by forcibly entering and obtaining control over train).

IT IS THEREFORE ORDERED that John That Luong's Sentencing Motions (Docket No. 1307) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that the Government's Motion to

12

Strike or Dismiss Defendant John That Luong's Sentencing Motions (Docket No. 1328) is DENIED as moot.

IT IS FURTHER ORDERED that John That Luong's Motion to Dismiss Counts 4-9 of the Indictment for Violation of the Double Jeopardy Clause (Docket No. 1321) is DENIED.

IT IS FURTHER ORDERED that John That Luong's Motion to Dismiss the Indictment for Failure To Charge Any Federal Offense (Docket No. 1348) is DENIED.

IT IS FURTHER ORDERED that the Government's Motion to Strike or Dismiss Defendant John That Luong's Sentencing Motion To Dismiss Indictment (Docket No. 1378) is DENIED as moot.

IT IS FURTHER ORDERED that John That Luong's Motion to Exclude the Application of the Pinkerton Theory of Liability in His Case and To Dismiss the Hobbs Act Conspiracy Verdicts Because the Hobbs Act Is Unconstitutional As Applied (Docket No. 1353) is DENIED.

DATED:   March 1, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE