UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff/Respondent,<br><br>　　v.<br><br>HOANG NGUYEN, aka BAO HOANG LU<br><br>　　　　　Defendant/Movant. | No. 2:99-cr-000433 WBS AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner, brings a challenge to his sentence under 28 U.S.C. § 2255. ECF No. 1719. Movant seeks relief pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) (holding 18 U.S.C. § 924(e), the residual clause of the Armed Career Criminal Act (ACCA), facially void for vagueness). Id. He also seeks relief pursuant to Miller v. Alabama, 567 U.S. 460 (2012) (prohibits mandatory life without parole sentences for juveniles). The United States opposes the motion, ECF No. 1768, and movant has replied, ECF No. 1772.

I. BACKGROUND

Mr. Lu and six co-defendants were charged by indictment on October 1, 1999, with charges arising from four robberies. ECF No. 1. After lengthy pre-trial litigation, defendants and counts were severed for trial. ECF No. 475. Three of the defendants, including Lu, were tried in 2003 on the first three counts, which involved a jewelry store robbery. On June 9, 2003, Lu was found guilty by the jury of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C.

1

§ 1951(a) (Count 1); using a firearm to commit a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and death caused by use of a firearm during a crime of violence, in violation of the former 18 U.S.C. § 924(i) (now § 924(j)) (Count 3). ECF No. 525. Lu was sentenced on August 20, 2003, to life imprisonment. ECF No. 561.

The convictions were affirmed on appeal, and the sentences remanded for reconsideration under United States v. Booker, 543 U.S. 220 (2005) and United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005) (en banc). ECF No. 771. On June 22, 2009, Lu was again sentenced to life imprisonment on Counts 1-3. ECF No. 1294. He again appealed, and the sentence was affirmed on February 17, 2011. ECF No. 1524.

A first § 2255 motion challenging the conviction was filed on March 14, 2012. ECF No. 1561. It was denied on May 16, 2013. ECF No. 1597. On June 23, 2016, the Court of Appeals authorized the instant second or successive § 2255 motion. ECF No. 1726.

II. THE MOTION

Mr. Lu contends that his convictions under 18 U.S.C. §§ 924(c) and 924(i) are invalid after Johnson, supra, which held that the residual clause definition of "crime of violence" in the Armed Career Criminal Act, § 924(e)(2)(B)(ii), is void for vagueness under the Due Process Clause. He also seeks relief pursuant to Miller v. Alabama, 567 U.S. 460 (2012), which prohibits mandatory life without parole sentences for juveniles.

III. MOVANT'S *JOHNSON* CHALLENGE TO THE GUN COUNTS

A. Pertinent Statutory Framework

Title 18 U.S.C. § 924(c) provides in pertinent part as follows:

> (1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to *any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years. . .

2

18 U.S.C. § 924(c)(1)(A) (emphasis added).

The term "crime of violence" is defined as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and --
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is known as the "force" or "elements" clause, and § 924(c)(3)(B) is known as the "residual clause."

The former 18 U.S.C. § 924(i) provides as follows:

> (j) A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall --
>
> (1) if the killing is a murder (as defined in section 1111, be punished by death or by imprisonment for any term of years or for life; and
>
> (2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

18 U.S.C. § 924(j).[1]

B. *Johnson* and *Dimaya*

In Johnson v. United States, the U.S. Supreme Court held that the residual clause of the Armed Career Criminals Act is void for vagueness. The provision at issue had required sentences of 15 years to life sentence in 18 U.S.C. § 922(g) felon-in-possession cases where the defendant had been convicted of three or more prior "violent felonies" – defined as felonies involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct. at 2255-56. The Supreme Court found that this definition of violent felony violates due process when used to require an enhanced sentence, because it does not give sufficient notice to

---

[1] The indictment in this case identified the pertinent code section as § 924(i) according to the 1996 version of the U.S. Code, which was in force at the time. The subsection was re-designated during the pendency of the case, without any substantive change. See ECF No. 792 (order re: motion to dismiss) at 5 n.3 (noting the change); ECF No. 1557-4 at 35 (RT of 5/27/03 at 32) (same).

defendants of the conduct that will support the enhancement, and because it invites arbitrary enforcement by judges. Id. at 2557. Only the ACCA's residual clause was held unconstitutional; the statute's alternate definitions of "violent felonies," including the definition based on the elements of the offense, remain in force. Id. at 2563. Johnson constitutes a new rule of substantive criminal procedure that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In Sessions v. Dimaya, 138 S. Ct. 1204 (2017), which affirmed the judgment of the Ninth Circuit, the Supreme Court applied Johnson to invalidate the Immigration and Nationality Act's incorporation of 18 U.S.C. § 16(b)'s residual clause. That statutory language defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Dimaya, 138 S. Ct. at 1211. The Court found that because this language is impermissibly vague under Johnson, it cannot be incorporated into the INA's definition of an "aggravated felony" for purposes of mandatory deportation. Id. at 1223. Like Johnson, Dimaya involved a prior conviction that had been found to qualify as a crime of violence under the residual clause and not on the basis that an element of the offense involves the use of force. Id. at 1211 (immigration court held pursuant to residual clause that first-degree burglary is a crime of violence because it "carries a substantial risk of the use of force").

C. Pertinent Ninth Circuit Law Prior to Johnson

In 1993, the Ninth Circuit held that conspiracy to commit Hobbs Act robbery constituted a crime of violence under § 924(c)'s residual clause. United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993) ("We do not address whether conspiracy to rob in violation of § 1951 is a 'crime of violence' under subsection (A) of § 924(c)(3) because we conclude that it is a 'crime of violence' under subsection (B)."). The Mendez court held that Hobbs Act conspiracy "violates § 924(c)(1) because by its nature it involves a substantial risk that physical force may be used against a person or property in the course of committing the offense." Id. at 1489.

The Supreme Court has now held that it violates due process to impose fixed sentencing consequences for a "violent crime" defined in these terms. See Dimaya, 138 S. Ct. at 1211, 1216

(impermissibly vague under Johnson to define "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

D.  Law of the Case Doctrine

The presiding district judge in this case, Hon. William B. Shubb, previously granted motions to dismiss brought by three other defendants in this case, who were before the district court on remand following direct appeal.  See ECF No. 1659 (order granting motions to dismiss § 924(c) counts against Lattanaphom and Huynh), as amended by ECF No. 1668; ECF No. 1698 (order granting motion to dismiss § 924(c) counts against Luong).  Judge Shubb dismissed the § 924(c) counts against those defendants pursuant to Johnson.  Id.

The law of the case doctrine generally precludes a court from reconsidering an issue that has been previously decided by the same court, or a higher court in the same case.  United States v. Alexander, 106 F.3d 874, 877 (9th Cir. 1997).  For the doctrine to apply, the issue in question must have been decided either explicitly or by necessary implication in the prior disposition. Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993).  The doctrine is not a limitation on the court's power, but a guide to discretion.  Arizona v. California, 460 U.S. 605, 618 (1983).  It does not apply where there has been an intervening change in law.  Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2002).

Judge Shubb explicitly decided as to defendants Lattanaphom and Huynh that § 924(c)'s residual clause is void for vagueness, ECF No. 1659, and as to defendant Luong that conspiracy to commit Hobbs Act robbery cannot alternatively qualify as a crime of violence under the statute's force clause, ECF No. 1698.  These are precisely the issues presented here. Accordingly, to the extent the law of the case doctrine applies,[2] it strongly favors the same result for Lu.

E.  Movant's Constitutional Challenge To § 924(c)'s Residual Clause

Because the residual clause of § 924(c) is substantially similar to the residual clause of the

---

[2]  Movant Lu was not a party to his co-defendants' litigation of those issues.

ACCA, and identical to that of the INA and 18 U.S.C. § 16(b), many federal courts have held that § 924(c)'s residual clause is unconstitutionally vague under Johnson and Dimaya. See, e.g., United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018); United States v. Cardena, 842 F.3d 959, 995-96 (7th Cir. 2016), cert. denied, 138 S. Ct. 247 (2017); United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1164 (E.D. Cal. 2016)[3]; United States v. Chavez, No. 15-cv-00285 LHK, 2018 U.S. Dist. LEXIS 126292, 2018 WL 3609083 (N.D. Cal. July 27, 2018). The undersigned finds these opinions to be well reasoned and persuasive.

At the time that Judge Shubb considered the post-Johnson validity of § 924(c)'s residual clause, the Ninth Circuit had extended Johnson to invalidate the residual clause of 18 U.S.C. § 16(b) as incorporated into the Immigration and Nationality Act's definition of an "aggravated felony." See Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015). Judge Shubb noted that the language found unconstitutionally vague by the Ninth Circuit in Dimaya was identical to that of § 924(c)(3)(B). ECF No. 1659 at 10. He accordingly concluded that "[t]he only binding authority in the Ninth Circuit compels this court to find § 924(c)[(3)(A)] void for vagueness." Id. at 13.

The correctness of this conclusion is confirmed by the Supreme Court's subsequent ratification of the Ninth Circuit's holding in Dimaya. Like the ACCA residual clause that was found void for vagueness in Johnson, the language used in § 924(c)(3)(B) fails to give sufficient notice to defendants of the conduct that will support the enhancement, and invites arbitrary enforcement by judges. See Dimaya, 138 S. Ct. at 1213-16 (so concluding as to identical language of § 16(b)). Because this conclusion is compelled by the application of binding precedent, as well as the law of the case, the undersigned finds that § 924(c)'s residual clause – which at the time of trial supported Lu's conviction on the gun count, see Mendez, supra – is void for vagueness and cannot support movant's conviction.

Accordingly, Lu's conviction may stand only if conspiracy to commit Hobbs Act robbery independently satisfies the statute's force or elements clause, § 924(c)(3)(A). The Ninth Circuit has made it clear after Johnson and Dimaya that where the predicate offense for a § 924(c)

---

[3] ECF No. 1659 in the instant case.

6

conviction constitutes a crime of violence under the statute's elements clause, the conviction and sentence remain valid even assuming the invalidity of the residual clause. United States v. Watson, 881 F.3d 782, 783, 784 (9th Cir. 2018) (per curiam); see also United States v. Mobley, 344 F. Supp. 3d 1089, 1100 (N.D. Cal. 2018) ("[N]either Johnson II nor Dimaya has any effect on what constitutes a crime of violence under Section 924(c)'s elements clause."). Accordingly, the court turns to the question whether conspiracy to commit Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A).

> F. Although Attempted or Actual Hobbs Act Robbery Remains a Crime of Violence That Permissibly Supports a § 924(c) Conviction and Sentence, Conspiracy to Commit Such a Robbery Does Not

The Ninth Circuit noted in dicta in Mendez, supra, that actual Hobbs Act robbery "indisputably qualifies as a crime of violence." 922 F.2d at 1491.[4] Attempts to compel a different conclusion in the wake of Johnson and Dimaya have been unsuccessful. See Howard v. United States, 650 F. App'x 466 (9th Cir. May 23, 2016, amended Jun. 24, 2016) (Hobbs Act robbery qualifies as crime of violence under force clause, § 924(c)(3)(A)). Numerous other Courts of Appeals have agreed since Johnson that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause. See United States v. Anglin, 846 F.3d 954, 965 (7th Cir. 2017); United States v. Hill, 832 F.3d 135, 144 (2d Cir. 2016); In re Fleur, 824 F.3d 1337, 1340 (11th Cir. 2016); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017).

An overwhelming majority of district courts in this Circuit have found the reasoning of Howard to be persuasive, and have held since Johnson and Dimaya that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c). See, e.g., Gaines v. United States, 248 F. Supp. 3d 959 (C.D. Cal. 2017); United States v. Major, No. 1:07-cr-00156 LJO, 2017 U.S. Dist. LEXIS 133342, 2017 WL 3593374 (E.D. Cal. Aug. 21, 2017); United States v. Figueroa, No. 12cr236-GPC, 2017 U.S. Dist. LEXIS 126508, 2017 WL 3412526 (S.D. Cal. Aug. 9, 2017); United States v. Reeves, No. 2:12-cr-00201-KJD-VFC, 2018 U.S. Dist. LEXIS 81515,

---

[4] This was the primary basis for the conclusion that conspiracy to commit such a robbery qualified under the residual clause. Id.

2018 WL 2222721 (D. Nev. May 15, 2018); United States v. Lasich, No. 3:02-cr-00305-BR, 2018 U.S. Dist. LEXIS 125984, 2018 WL 3614024 (D. Ore. July 27, 2018).

Attempted Hobbs Act robbery is also widely recognized as a crime of violence under the force clause. Section 924(c)(3)(A) itself defines a crime of violence as any felony that "has as an element the use, *attempted use*, or threatened use of physical force against the person or property of another." (emphasis added). Numerous courts have concluded from this statutory language that the attempted commission of any offense that would constitute a crime of violence under § 924(c) also constitutes a crime of violence. See, e.g., United States v. St. Hubert, 909 F.3d 335, 352 (11th Cir. 2018) (attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)); Ovalles v. United States, 905 F.3d 1300, 1306 (11th Cir. 2018) (attempted carjacking); United States v. Baires-Reyes, 191 F. Supp. 3d 1046, 1050-51 (N.D. Cal. 2016) (attempted Hobbs Act robbery); United States v. Lopez, No. 1:19-cr-00014 DAD, 2019 U.S. Dist. LEXIS 79647, 2019 WL 2077031 (E.D. Cal. May 10, 2019) (attempted armed bank robbery).

Conspiracy is another matter, however. The elements of conspiracy to commit Hobbs Act robbery are as follows: "(1) two or more people agreed to commit a robbery or extortion of the type discussed in the Hobbs Act; (2) the defendant had knowledge of the conspiratorial goal; and (3) the defendant voluntarily participated in trying to accomplish the conspiratorial goal." United States v. Si, 343 F.3d 1116, 1123-24 (9th Cir. 2003). An overt act in furtherance of the goal of the conspiracy is not required. United States v. Dennis, Civ. No. 11-141 BLG RFC, 2013 U.S. Dist. LEXIS 26991, 2013 WL 704482, at *7 (D. Mont. Feb. 27, 2013), aff'd, 569 F. App'x 533 (9th Cir. 2014) ("Unlike the crime of attempted robbery to affect commerce, to convict [defendant] of conspiracy to commit robbery affecting commerce under 18 U.S.C. § 1951(a), the United States need not prove [defendant] took a 'substantial step' towards the commission of the crime."). Accordingly, Hobbs Act conspiracy is unlike both Hobbs Act robbery and attempted Hobbs Act robbery in that the actual, attempted or threatened use of force is not an element of the offense.

This conclusion is reinforced by the jury instructions that were given in this case. Movant's jury was instructed that conspiracy to commit Hobbs Act robbery is:

8

> [A] kind of criminal partnership — an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. . . . You must find that there was a plan to commit robbery which if successful would have affected interstate or foreign commerce as an object of the conspiracy.

ECF No. 520 (Jury Instruction No. 22). The jury was thus not required to find that Lu used, attempted to use, or threatened to use physical force in order to find him guilty of conspiracy.

Judge Shubb has previously concluded that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A). ECF No. 1698 (order granting motion to dismiss § 924(c) counts against Luong). That conclusion rested on consideration of the elements and jury instructions nearly identical to those noted above. Id. at 3-4. Judge Shubb noted that the Ninth Circuit has never held that Hobbs Act conspiracy constitutes a crime of violence under § 924(c)'s elements clause, but had only found that it qualified under the now-invalidated residual clause. Id. at 4-6 (discussing Mendez, 992 F.2d 1488). Because conspiracy to commit Hobbs Act robbery does not require "as an element the use, attempted use, or threatened use of physical force against the person or property of another" as specified by § 924(c)(3)(A), Judge Shubb concluded that such conspiracy cannot support a § 924(c) gun count. That conclusion applies equally to movant here.

The court is entirely unpersuaded by the government's attempt to save the § 924(c) conviction by arguing that actual Hobbs Act robbery should be considered the predicate offense because the evidence at trial proved that offense, even though it was not the charged predicate offense. See ECF No. 1768 at 12 ("The defendants need not be charged in the indictment with the predicate offense constituting the crime of violence, the government need only prove the predicate offense."). The government states that "[t]he predicate offense constituting the crime of violence in the instant case is conspiracy to commit Hobbs Act *and the substantive offense of Hobbs Act robbery*." Id. (emphasis added). That is not true. Count One charges conspiracy to commit Hobbs Act robbery. The government could have also charged movant with attempted or actual robbery, but did not do so. It cannot now escape the consequences of that charging

9

decision by relying on the proposition that a defendant may be charged and convicted of a § 924 gun count without the predicate offense also being charged. See ECF No. 1768 at 15 (citing United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1998) (per curiam) and United States v. Bracy, 67 F.3d 1421 (9th Cir. 1995).

Hunter and Bracy are both § 924(c)(1) cases holding that the underlying, qualifying felony offense need not be separately charged, though it must be admitted or proved as an element of § 924(c) liability. This principle underlies the common practice of charging only gun counts in a significant category of federal cases. The undersigned is aware of no authority, however, expanding this principle to permit the government to expressly charge one predicate offense, and then change its theory as to the basis for § 924(c) liability when the conviction for the predicate offense proves to be invalid. The government's argument is rejected.

Movant here was charged with a specific predicate offense: Hobbs Act conspiracy. Because conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A), and the statute's residual clause is unconstitutionally vague under Johnson and Dimaya, Lu's § 924(c) convictions cannot stand.

G. Movant's Challenge to § 924(j)

Lu and his co-defendants were convicted of conspiracy to rob a jewelry store in Stockton in 1996 (Count 1); using firearms in the course of that conspiracy (Count 2); and thereby causing the death of the jewelry store owner (Count 3). Count Two was brought under § 924(c) and was predicated on the Hobbs Act conspiracy charged in Count One. Count Three charged movant under § 924(j) with causing, or aiding and abetting, a murder "in the course of a violation of subsection (c)." § 924(j).

Section 924(j) provides as follows:

> (j) A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall --
>
> (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life; and
>
> (2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

10

The plain language of the statute makes § 924(j) liability entirely contingent on a predicate § 924(c) conviction. Because movant's § 924(c) conviction is invalid for the reasons explained above, the § 924(j) conviction also fails to survive Johnson.

The government invokes the law of the case doctrine, arguing that this court is bound by the Ninth Circuit's decision on direct appeal that Hobbs Act robbery can support felony murder under 18 U.S.C. § 1111 whether or not substantive robbery is charged, as long as it is proved. ECF No. 1768 at 16. This argument misses the mark. Because movant's § 924 (c) conviction is invalid after Johnson, it does not matter whether the terms of § 924(j)(1) or (2) are satisfied. Accordingly, the § 1111 issue is not presented here, and the Ninth Circuit's previous ruling about the felony-murder statute is irrelevant.

### H. Conclusion

For all the reasons explained above, the motion should be granted as to Counts Two and Three.

### IV. MOVANT'S *MILLER V. ALABAMA* CLAIM

In Miller v. Alabama, 567 U.S. 460 (2012), the Supreme Court held that the Eighth Amendment prohibits application to juvenile offenders of mandatory sentences of life without the possibility of parole. In 2016, the Supreme Court made this holding retroactive to cases on collateral review. Montgomery v. Louisiana, 136 S. Ct. 718 (2016). In light of this authority, Mr. Lu seeks a new sentencing hearing.

This is not the first time that Lu has challenged his life sentence under Miller. Movant sought the benefit of Miller in his first § 2255 motion, filed in 2012. ECF No. 1567 at 57-64. Judge Shubb rejected the claim. ECF No. 1597 at 14-16. Movant now implies that because the retroactivity of Miller was not settled at that time, and because Judge Shubb had noted out-of-circuit authority declining to apply Miller retroactively, Montgomery constitutes a change in law that supports re-opening the matter. However, as movant acknowledges, Judge Shubb in 2013 assumed without deciding that Miller could be applied retroactively, and found that it did not require re-resentencing:

////

> Even assuming, without deciding, that the court may apply <u>Miller</u> to the present case, defendant was not sentenced to life without parole pursuant to a mandatory sentencing scheme which prohibited the court from taking into account the issues identified by the Court. Rather, the court could-and did-take the various issues suggested by the <u>Miller</u> decision into account when sentencing defendant, as evidenced by the court's candid acknowledgment that it "struggled with the fact that Mr. Lu was 16 years old at the time of the crime." (Re-Sentencing Tr. at 41:20-21; <u>see also id</u>. at 31:15-22; 36:21-23.) The Ninth Circuit, in reviewing defendant's sentence, confirmed that the court "'properly understood the full scope of [its] discretion' following <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)." <u>Bao Lu</u>, 414 Fed. App'x at 973 (quoting <u>United States v. Combs</u>, 470 F.3d 1294, 1297 (9th Cir. 2006)).
>
> Thus, even if the court could apply <u>Miller</u> to this case, defendant's sentence does not violate the Eighth Amendment, and defendant's claim based upon such violation will accordingly be denied.

ECF No. 1597 at 15-16 (footnotes omitted).

The 2013 ruling that Lu's life sentence does not violate the Eighth Amendment within the meaning of <u>Miller</u> constitutes the law of the case. See <u>Alexander</u>, 106 F.3d at 877. Because the issue of retroactivity was not the basis for the district judge's rejection of the Eighth Amendment claim, <u>Montgomery</u> provides no reason to revisit the issue.

Movant's resentencing in 2009 was conducted under the post-<u>Booker</u> advisory Guidelines regime. Accordingly, the life sentenced cannot be considered "mandatory" within the meaning of <u>Miller</u>. <u>Miller</u> requires individualized sentencing for juveniles, including judicial discretion to consider alternatives to life without parole, and an opportunity to present evidence of the capacity for rehabilitation. <u>Miller</u>, 567 U.S. at 465. Here, the court had – and understood – its discretion to depart from the Guidelines. The court specifically inquired how the defendant's youth at the time of the offense should affect the sentencing decision. ECF No. 1300 (transcript of re-sentencing hearing) at 36. The defendant presented mitigation evidence including evidence related to his capacity for rehabilitation and expert testimony regarding the physiological and psychological aspects of his age on his culpability. Although the re-sentencing proceedings took place before <u>Miller</u> was decided, they provided the opportunity that <u>Miller</u> requires. Accordingly, the claim of an Eighth Amendment violation is meritless.

////

V. <u>CONCLUSION</u>

Accordingly, for the reasons set forth above, IT IS HEREBY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 1719 , be GRANTED IN PART and DENIED IN PART as follows:

1. The motion should be GRANTED and movant's convictions on Counts Two and Three should be vacated pursuant to <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015); and

2. Movant's request for relief pursuant to <u>Miller v. Alamaba</u>, 567 U.S. 460 (2012), should be DENIED.

3. The Clerk of the Court be directed to close the companion civil case No. 2:16-cv-1616 WBS AC P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 8, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

13