UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:99-cr-433-05 WBS |
| Plaintiff, | |
| v. | ORDER |
| HOANG NGUYEN, aka BAO LU, | |
| Defendant. | |

----oo0oo----

Defendant Hoang Nguyen a.k.a. Bao Lu, has filed a "Motion to Reduce Sentence and/or Grant Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A)(I)." (Docket No. 2044.) Defendant seeks a reduction of his sentence and/or home confinement based on, among other things, the time he spent in state custody for related conduct, the length of his federal sentence, the amount of time already served, his age at the time of the offense, his purported rehabilitation, and the disparity in sentencing with certain co-defendants.

The court recognizes that pursuant to the Supreme

1

Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), it must consider all of defendant's nonfrivolous reasons for a reduction.  See United States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475 (9th Cir. 2020), which had held that the First Step Act did not authorize a district court to consider post-conviction legal changes outside of Sections 2 and 3 of the Fair Sentencing Act).  Accordingly, the court considers all of the arguments raised by defendant in the instant motion.

The court agrees that the bases for relief identified by defendant are potentially relevant factors in determining whether a reduction of his sentence is warranted under Concepcion.  However, on the record before the court, in the opinion of this court no sentencing reduction is justified at this time.  In the court's view, defendant's state sentence, relatively good conduct during incarceration, partial completion of a lengthy sentence, and age at the time of the offense, while certainly relevant, do not warrant a reduction in his sentence. "Section § 3582(c)(1) was not enacted to provide courts with a mechanism to second-guess sentencing decisions made long ago." See United States v. Logan, 532 F. Supp. 3d 725, 731 (D. Minn. 2021).  All or almost all of these issues were raised on resentencing in 2020 and were taken in account at that time, and defendant's arguments on the instant motion are largely the same.

Moreover, this defendant's sentence has already been reduced once in 2020 from life in prison to 240 months.  As the court explained at the time of resentencing, a total term of imprisonment of 240 months, well above the Guidelines range, was

necessary to reflect the seriousness of defendant's offenses, in which the defendant and four others committed a home invasion robbery in which they held eleven people hostage, repeatedly beat and tortured multiple victims, and threated to rape and kill a woman and a two-year old child.  One hostage was shot four times, another hostage was shot and killed, and defendant accidentally shot a co-defendant.  (Docket No. 1910 at 53-54.)  Before pronouncing the sentence, the court acknowledged defendant's age at the time of the offenses and remorse and rehabilitation but also noted defendant's other serious criminal conduct committed before his incarceration.  (Id. at 52-55.)

        In the court's view, these and all the relevant sentencing factors overall continue to weigh against granting a further sentence reduction, and defendant has not met his burden of showing that such reduction is appropriate.

        IT IS THEREFORE ORDERED that defendant Hoang Nguyen's motion to reduce sentence (Docket No. 2044), be, and the same hereby is, DENIED.

Dated:  April 10, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE